UNITED STATES, Appellee

v

JOHNNIE W. COLLINS, Sergeant,
U. S. Army, Appellant

10 USCMA 154, 27 CMR 228

No. 12,078

Decided January 23, 1959

*Captain Arnold I. Melnick* argued the cause for Appellant, Accused. With him on the brief was *Colonel James Garnett.*

*First Lieutenant Wade H. Sides, Jr.,* argued the cause for Appellee, United States. With him on the brief was *Major Thomas J. Nichols.*

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Appearing before a general court-martial with civilian counsel and appointed military counsel, the accused entered a plea of guilty to several offenses in violation of the Uniform Code of Military Justice. He was sentenced to a dishonorable discharge,

total forfeitures, and confinement at hard labor for seven years. The convening authority approved the conviction, but in accordance with a pretrial agreement reduced the period of confinement to one year and suspended the execution of the dishonorable discharge.

When the case was reviewed by a board of review, the accused was not represented by counsel because he had previously indicated in a letter to the convening authority, which was attached to the record of trial, that he did not desire representation. The board of review affirmed the findings of guilty and the sentence without modification.

After receiving a copy of the decision of the board of review, the accused appealed to this Court. In his petition he contended he had been coerced into not requesting appellate counsel before the board of review. He represented that after the trial he was called into the office of the staff judge advocate. A lieutenant informed him his case would go before a board of review and he could ask for appellate defense counsel. He informed the lieutenant he wanted appellate counsel because he felt he had been inadequately represented at the trial. At that point the lieutenant excused himself and went to the staff judge advocate's office. The staff judge advocate then talked to the accused. According to the accused he asked: "What's the matter Collins? You don't think you got a fair trial? If you want another trial I'll give you another trial tomorrow and this time you'll get the works because your pre-trial agreement will go out the window and you'll go in naked." The accused maintains he tried to explain why he felt he had been inadequately represented, but he was purportedly cut short by the staff judge advocate with the remark that he had "heard all of this sort of thing" he wanted to hear.[1] As a result of the staff judge advocate's "abusive language" and "threat of another trial," the accused "figured it was not worth"

requesting appellate counsel and, consequently, he signed the form letter to the effect that he did not desire counsel before the board of review. We granted the accused's petition to determine whether or not he had been deprived of his right to appellate representation.

The Government has filed affidavits from the staff judge advocate and the legal officer who had interviewed the accused. The latter affidavit contains nothing informative about the conversation between the staff judge advocate and the accused. In the former, which considers the matter at length, the staff judge advocate maintains he "carefully explained" to the accused that the sentence had been "thoroughly discussed with his counsel" and that an earlier proposal for a lesser sentence had been rejected. He informed the accused that if he was "not satisfied" he could "probably" have the conviction set aside and obtain a rehearing, but, in that event, the staff judge advocate would not recommend another agreement on the sentence. He advised the accused to consult with counsel "before he did anything." The affidavit continues as follows:

". . . Collins asked me not to tell Mr. Valentine that he thought he was not adequately defended and stated that he was satisfied with the arrangement made by his counsel. Collins again started to talk about his prior service in the Army and how he wanted to make the Army his career, and having heard this story several times, I told him I didn't want to hear any more about it. He finally thanked me for everything I had done for him, stated that he was now satisfied that his lawyers had done everything that could have been done for him. At no time during the interview, nor at any time either before or after trial did I use any threatening or abusive language to Collins, . . ."

It is apparent from the affidavit that

---

[1] The accused has not set out the particulars of his alleged dissatisfaction with his trial defense counsel. However, the staff judge advocate in his reply affidavit says that when he asked the accused about the matter the accused indicated he thought his counsel could have made a "better deal" on the sentence.

substantial surface conflict exists as to the conduct of the staff judge advocate during the interview with the accused and the reasons which prompted the accused to waive his right to appellate defense counsel before the board of review. Considering the earlier proceedings in regard to the sentence and the limited nature of the accused's complaint, we have the distinct impression he misunderstood the staff judge advocate and that further inquiry might lead him to modify his present assertions. See United States v Hood, 9 USCMA 558, 26 CMR 338. Be that as it may, the conflict would ordinarily require additional inquiry. United States v Hood, supra;

United States v Allen, 8 USCMA 504, 25 CMR 8. However, the issue before us is a narrow one. In our opinion, the effort and time required for the collateral hearing may be more profitably employed by granting the accused appellate representation and returning the case to the board of review for reconsideration.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for reference to the board of review for further proceedings consistent with this opinion.

Judges LATIMER and FERGUSON concur.